UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR. NO.: 3:02-548-CMC |
| | ) | |
| v. | ) | |
| | ) | **OPINION and ORDER** |
| Darren White, | ) | |
| | ) | |
| Defendant, | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 3494 (filed July 21, 2011). The Government has not responded to Defendant's motion.

For the reasons noted below, the court **grants** Defendant's motion for reconsideration and vacates the Judgment entered in this case on June 17, 2011. However, for the reasons noted below, the Government is entitled to summary judgment.

**FEDERAL RULE OF CIVIL PROCEDURE 59(E)**

The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D. Miss. 1990). Defendant seeks relief to "prevent manifest injustice." Mot. at 3.

1

Defendant contends that his reply to the Government's motion for summary judgment (which this court received June 22, 2011) was timely filed because he "researched, prepared, and mailed his reply . . . to the Court on May 20, 2011, the day it was due." Mot. at 2. Defendant maintains that because his reply was "timely" filed under *Houston v. Lack*, 487 U.S. 266 (1988), the court erred in construing it as a motion for reconsideration (as it was received after the Order granting summary judgment to the Government was entered). Defendant also contends that the failure to consider his "timely" response "would prevent him from seeking [a] certificate of appealability from either this Court or the Fourth Circuit Court of Appeals . . . ." Mot. at 4-5.

Defendant had received an extension of time through May 20, 2011, to file a response to the Government's motion for summary judgment. However, no response was received, and the undersigned thereafter entered an order granting summary judgment to the Government on June 17, 2011, dismissing the motion with prejudice. Opinion and Order, ECF No. 3468.

Defendant contends in his motion for reconsideration that his reply was timely filed under *Houston v. Lack*, *supra*, because he gave the motion to prison authorities on May 20, 2011, the day it was due. On June 22, 2011, a "Motion to Strike as Non-Responsive or Reply to Government's Response" was received in chambers. On June 28, 2011, this material was forwarded to the Clerk for filing. *See* ECF No. 3480.

Absent specific indication by prison authorities as to the date received for mailing, courts look to the date the material is executed by the inmate (in this case, May 20, 2011), or the postmark date (June 17, 2011). *Houston*, 487 U.S. at 275 (emphasizing importance of objective indicia of delivery to alleviate need to "dispute a prisoner's assertions that he delivered the paper on a different date."); *See*, *e.g.*, *Marsh v. Soares*, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000) ("Liberal application

of the mailbox rule . . . causes us to treat the petition as placed in the hands of prison authorities on the same day it was signed.") *and Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (considering postmark as evidence of date of mailing in applying prison mailbox rule). A prisoner who seeks to take advantage of the "mailbox rule" bears the burden of proving a timely deposit in the mail system. *Price v. Philpot* 420 F.3d 1158, 1165 (10th Cir. 2005).

Defendant's assertion in his motion for reconsideration that he placed the material in the prison mailing system on May 20, 2011, is not presented via an affidavit or declaration. However, the court, out of an abundance of caution, **grants** Defendant's motion for reconsideration, vacates the entry of Judgment in this matter, and will consider the Government's motion for summary judgment together with Defendant's "timely" reply.

### GOVERNMENT MOTION FOR SUMMARY JUDGMENT

Even assuming Defendant's Reply was timely filed, it offers no escape from summary judgment. The § 2255 motion contains twenty-one (21) allegations of ineffective assistance of counsel, submitted under penalty of perjury pursuant to 28 U.S.C. § 1746. Defendant's allegations regarding the actions of counsel (both trial and appellate) are vague and conclusory, and in almost all instances, belied by the underlying record. Defendant's Reply in response to the Government's dispositive motion merely points back to the assertions in the original motion. However, "[a]iry generalities, conclusory assertions and hearsay statements [do] not suffice to stave off summary judgment . . . ." *United States v. Roane*, 378 F.3d 382, 400-01 (4th Cir. 2004) (internal quotations and citation omitted).

Therefore, considering Defendant's Reply as "timely" filed, the court finds that Defendant has not established any disputed issue of material fact warranting denial of summary judgment.

3

As to Defendant's first claim of alleged ineffective assistance of counsel, Defendant maintains that "trial and appellate counsel" "failed to pursue a plea bargain for [Defendant] or (alternatively) failed to inform [Defendant] of the possibility of pleading guilty to his indictment and contesting sentencing enhancements." Mem. at 1 (ECF No. 3200-1, filed July 9, 2010). He declares, under penalty of perjury, that "trial counsel never [engaged] the government in meaningful plea negotiations or informed [Defendant] of the possibility of simply pleading guilty to his indictment." *Id*.

Initially, the court notes that "appellate counsel" could not have been ineffective in any way regarding this claim. Therefore, as pertains to "appellate counsel," the Government's motion for summary judgment is granted as to this claim as well.

As acknowledged by the Government, the combined affidavit of Defendant's trial counsel fails to specifically address this issue. It is not contested, however, that the Assistant United States Attorney met with Defendant in the presence of counsel to discuss the availability of several plea options, including the option of pleading guilty "straight up" to the indictment. *See* Gov't Resp. to Def's Mot. at 13 (ECF No. 3344, filed Jan. 7, 2011).

Moreover, even assuming counsel's ineffectiveness, Defendant cannot establish he was prejudiced by counsel's actions. Defendant contends that he was never informed that he could "plead[ ] guilty to his indictment and contest[ ] sentencing enhancements." Sworn Mem. of the Issues at 1 (ECF 3200-1, filed July 9, 2010). In his unsworn response to the Government's summary judgment motion, he maintains that counsel did not engage in "meaningful" plea negotiations with the Government, that is negotiations "that did not require him to cooperate with the government." Reply at 9 (ECF No. 3480).

Defendant was charged with a conspiracy to possess with intent to distribute and to distribute more than 50 grams of "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.

Because Defendant had been previously convicted of a qualifying felony drug offense, the statutory penalty to which he was exposed if he had simply pleaded guilty to the indictment was twenty (20) years to life imprisonment. 21 U.S.C. §§ 841(b)(1)(A) and 851.

At the time of Defendant's original sentencing, the application of the guidelines was mandatory. Defendant's total offense level was 43, with a criminal history category III. This produced a guideline of life imprisonment.[1] Accordingly, because the application of the guidelines was mandatory, Defendant was sentenced to life imprisonment.

Even assuming Defendant had pleaded guilty and received three (3) levels off of his adjusted offense level for acceptance of responsibility, the resulting offense level and criminal history category (40/III) would have produced a guideline range of 360 months to life imprisonment. When Defendant was resentenced on July 23, 2008, he received a sentence of 360 months' imprisonment. Therefore, he cannot establish that, if he had entered a guilty plea, he would have received a sentence lower than the one he is currently serving. Accordingly, he cannot establish prejudice from counsel's alleged ineffectiveness.

**CONCLUSION**

For the reasons noted above, the Government's motion for summary judgment is **granted** and this motion is dismissed with prejudice.

---

[1] Defendant was held responsible for 14.3 kilograms of "crack" cocaine (base offense level 38). He was enhanced for possession of a firearm (+2) and role in the offense (+3), resulting in an adjusted offense level of 43.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 26, 2011