IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:02-548-CMC |
| | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Furman Benjamin Quattlebaum, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, proceeding *pro se*, has filed a motion to extend the time for filing a § 2255 motion and to receive a copy of his trial transcripts. ECF No. 3569 (filed Nov. 17, 2011).

The Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA), imposes a one-year statute of limitations on petitions under 28 U.S.C. § 2255. Pursuant to the AEDPA, the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence
.

28 U.S.C. § 2255.

The court has no authority to "extend" or "stop the clock" on the one-year time limit Congress mandated under the AEDPA for filing § 2255 motions. Therefore, unless subject to an exception under the AEDPA, a defendant must file an application for relief under § 2255 within one

1

year of his or her conviction becoming final. In this instance, Defendant's conviction became final when the time expired for filing a petition for a writ of certiorari with the United States Supreme Court contesting the Fourth Circuit's affirmance of his conviction, which occurred on May 4, 2011. *See Clay v. United States*, 537 U.S. 522 (2003).

Therefore, as this court has no authority to extend the time for filing a § 2255 motion, Defendant's motion is **denied**.

Defendant also seeks a copy of the trial transcript in this matter. Longstanding circuit precedent provides that a prisoner who requests free copies of records in his or her criminal case, whether it is a state or federal case, must show a particularized need for such records. *See Jones v. Superintendent, Virginia State Farm*, 460 F.2d 150, 152-53 (4th Cir. 1972); *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963). Defendant must show some "need" for the material beyond a mere desire to comb the record in hopes of discovering some flaw. *Jones*, 460 F.2d at 152. This he has not done. Therefore, Defendant's motion for a copy of his trial transcript is **denied**.

**IT IS SO ORDERED**.[1]

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 28, 2011

---

[1] Defendant also contends he has received a copy of certain "expungement papers." Mot. at 1. Defendant seeks advice on whether he should contact the probation office or file a motion for relief under 18 U.S.C. § 3582. *Id*. To the extent Defendant believes this material affects his current sentence, he should include such in any motion he chooses to file under 28 U.S.C. § 2255.